United States District Court
Southern District of Texas
**ENTERED**
February 03, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| NORA BORREGO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-cv-00042 |
| | § | |
| MAISON INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## OPINION & ORDER

The Court now considers this case.

### I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff initiated this suit in Texas state court on December 27, 2021,[1] alleging that

Defendant Maison Insurance Company ("Maison") underpaid her for storm damage from

Hurricane Hanna. Plaintiff brought contractual and extra-contractual claims.[2] Maison removed the

case to this Court on February 2, 2022, on the basis of diversity.[3]

Maison, on August 11, 2022, was merged with FedNat Insurance Company ("FedNat"), a

corporation domiciled in Florida, with the latter being the surviving entity.[4] On September 21,

2022, the Florida Office of Insurance Regulation determined that grounds existed to initiate

receivership proceedings against FedNat.[5] A Florida state court entered a Consent Order[6] on

---

[1] Dkt. No. 1-1.
[2] *Id.*
[3] Dkt. No. 1.
[4] Dkt. No. 10-2 at 1, 6.
[5] *Id.* at 4.
[6] Dkt. No. 10-1.

September 27 appointing the Florida Department of Financial Services ("the Department") as receiver for purposes of FedNat's liquidation.

Counsel for Maison, purporting to appear on behalf of the Department, filed a notice with this Court on October 7, 2022, notifying it of the Consent Order and accompanying automatic stay.[7] As the parties' final pretrial conference approached, counsel for Maison moved to withdraw as attorney[8] in light of the Consent Order's apparent injunction against representing FedNat or the Department.[9] That motion to withdraw contained additional (and helpful) briefing on *Burford* abstention,[10] which is the tack the Court now takes.

## II.    DISCUSSION

"A federal court should abstain from exercising jurisdiction where to do so would interfere with a specialized, unified state court system of adjudication designed to avoid inconsistent adjudication of claims arising from a comprehensive, detailed, and complex regulatory scheme in a subject area involving state law."[11] Insurance is a field typically reserved for the states, and states have enacted comprensive schemes for liquidation of insolvent insurers and the treatment of their policyholders and claimants.[12] Courts should abstain from adjudicating cases which would have a disruptive effect on a state's regulatory scheme.[13]

Florida is no exception to the general rule. Fl. Stat. § 631.161 specifically provides for the handling of claims of nonresidents against insolvent Florida insurers. The remainder of that chapter covers the mechanism, proof, time to file, and priority of claimants in Plaintiff's situation.[14] In

---

[7] Dkt. No. 9.
[8] Dkt. No. 10.
[9] Dkt. No. 10-1 at ¶¶ 36, 47.
[10] *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S. Ct. 1098 (1943).
[11] *Martin Ins. Agency, Inc. v. Prudential Reinsurance Co.*, 910 F.2d 249, 254 (5th Cir. 1990) (citing *id.*).
[12] *See Munich Am. Reinsurance Co. v. Crawford*, 141 F.3d 585, 591 (5th Cir. 1998).
[13] *See Lac D'Amiante Du Quebec, Ltee v. Am. Home Assurance Co.*, 864 F.2d 1033, 1048 (3d Cir. 1988).
[14] *See* FL. STAT. § 631.

fact, the Florida court's Consent Order authorizes and directs the Department to negotiate and settle claims.[15] Because of Florida's applicable regime, the Court will abstain—on *Burford* grounds—from exercising jurisdiction in this case.

III.     Conclusion

For the foregoing reasons, the Court **DISMISSES** this case **WITHOUT PREJUDICE**.[16] All deadlines in this case are **CANCELLED**, including the parties' final pretrial conference set for February 10, 2023. The Clerk of Court is instructed to close this case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 3rd day of February 2023.

_____
Micaela Alvarez
United States District Judge

---

[15] Dkt. No. 10-1 at 7, ¶ 23.L.
[16] *Martin Ins.*, 910 F.2d at 255 (Finding "*Burford*-type abstention to be a valid ground for dismissal.").